**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 26-cv-1005-WJM

AMALIO ARIEL LANDESTOY HERNANDEZ,

　　　Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden
of the Denver Contract Detention Facility, *et al*.,

　　　Respondents.

---

**ORDER DENYING WITHOUT PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS**

---

Before the Court is Petitioner Amalio Ariel Landestoy Hernandez's Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 2.) Respondents Juan Baltazar, in his official capacity as Warden of the Denver Contract Detention Facility; George Valdez,[1] in his official capacity as Director of the Denver Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, in his official capacity as Acting Director of ICE; Kristi Noem, in her official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"); and Pamela Bondi, in her official capacity as Attorney General of the United States (collectively, "Respondents" or "the Government") filed a response. (ECF No. 12.) Landestoy Hernandez filed a reply. (ECF No. 13.)

---

[1] The Petition originally named Robert Hagan as the Field Office Director of ICE's Denver Field Office, for whom the Government substituted Valdez. (ECF No. 2 at 1; ECF No. 12 at 1.)

For the following reasons, the Petition is denied without prejudice.

## I.    BACKGROUND

Landestoy Hernandez, a Cuban national, first entered the United States in March 2024 pursuant to a grant of Cuban Humanitarian Parole.  (ECF No. 2 at ¶ 30.) Approximately a year after his arrival, he applied for adjustment of status with the United States Citizenship and Immigration Service ("USCIS") under the Cuban Adjustment Act. (*Id.;* ECF No. 2-2.)

Several months later, on December 17, 2025, DHS initiated removal proceedings against Landestoy Hernandez in immigration court.  (ECF No. 2 at ¶¶ 29–30.)  He was taken into ICE custody on the same date.  (*Id.*)  Landestoy Hernandez promptly moved to terminate the removal proceedings given his pending application for adjustment of status.  (*Id.* at ¶¶ 30–31.)  An Immigration Judge ("IJ") granted his motion on January 17, 2026, reasoning as follows:

> Respondent . . . provid[ed] evidence to show he is prima facie eligible to apply for adjustment of status before the [USCIS].  Indeed, he already filed his application in March 2025, nearly a year ago, and he has had biometrics taken. Moreover, the USCIS has exclusive jurisdiction over his case since DHS designated him an arriving alien.  The Court also is unaware of any criminal history that would make him ineligible.  The DHS only opposed the motion to terminate because the application has not yet been granted.  While the Court is aware of the policy that has presently paused the adjudication of relief applications for Cuban nationals, that policy does not foreclose relief, which he remains eligible to seek.

(ECF No. 2-2 at 2.)

Under applicable regulations, DHS had thirty calendar days "from the date of the stating of an Immigration Judge's oral decision or the mailing or electronic notification of an Immigration Judge's written decision" to appeal the IJ's Order to the Board of

Immigration Appeals ("BIA").  8 C.F.R. § 1003.38(b) (Sept. 14, 2022).  The IJ's Order terminating removal proceedings against Landestoy Hernandez was electronically served on the parties on Saturday, January 17, 2026.  (ECF No. 2-2.)  However, the thirtieth calendar day thereafter fell on Monday, February 16—a federal holiday.  So, DHS's deadline to appeal the IJ's Order fell to the following business day, Tuesday, February 17.  *Id.* § 1003.38(b)(3) ("If the final date for filing falls on a Saturday, Sunday, or legal holiday, this appeal time shall be extended to the next business day.").

The IJ's Order terminating Landestoy Hernandez's removal proceedings erroneously indicated that any appeal was due by February 18, 2026.  (ECF No. 2-2 at 3.)  DHS filed a Notice of Appeal on February 18 and, on the same date, a Motion to Accept Late Filing explaining that the IJ's Order set forth an incorrect appeal deadline.  (ECF No. 12 at 2–3; ECF No. 12-2.)  The BIA issued a "Filing Receipt for Appeal Filed by DHS" on February 23, 2026 that "acknowledge[d] receipt of the appeal from DHS filed on 2/18/2026."  (ECF No. 12-1.)  Landestoy Hernandez moved to dismiss DHS's appeal as untimely on March 12, 2026.  (ECF No. 13-5.)

Landestoy Hernandez contends that, because the IJ's "decision to terminate proceedings took effect on February 17, 2026," he is "now being held in violation of his statutory and constitutional rights."  (ECF No. 2 at ¶ 8.)  He asks the Court to grant the Petition and order his immediate release.  (*Id.* at ¶ 9.)

## II.    LEGAL STANDARD

"Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).  More specifically, 28 U.S.C. § 2241 "confers jurisdiction upon the federal courts to hear [such

3

cases." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3) (authorizing any person to claim in federal court that they are being held "in custody in violation of the Constitution or laws . . . of the United States")).  "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are an 'attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

### III.    ANALYSIS

Landestoy Hernandez brings both a constitutional and statutory claim in the Petition.  (ECF No. 2 at 11–12.)  As to the former, he contends that, because the IJ's Order terminating removal proceedings became final when "DHS failed to timely appeal the Order terminating immigrating [*sic*] proceedings against [him]," he "is now detained in violation of his Fifth Amendment right to liberty and due process."  (*Id.* at ¶¶ 58–60.)  As to the latter, Landestoy Hernandez contends that, "[p]ursuant to 8 USC § 1226, DHS may only retain [*sic*] a noncitizen awaiting decision in removal proceedings."  (*Id.* at ¶ 62.)  Since the IJ's Order "disposed of the removal proceedings against Petitioner" and "DHS failed to timely file an appeal within the [30] days prescribed by 8 C.F.R. § 1003.38(b)," Landestoy Hernandez avers that he "is now detained in violation of 8 USC § 1226, 8 CFR 1239.2(b) and 8 C.F.R. § 1003.38(b)."  (*Id.* at ¶¶ 62–63.)  In this way, the Government posits—and the Court agrees—that "[t]he sole legal issue presented in the [P]etition is whether the DHS appeal of the Order terminating Petitioner's removal proceedings is properly pending before the Board."  (ECF No. 12 at

4

3.)

The BIA has held that the 30-day appeal deadline set forth in 8 C.F.R. § 1003.38(b) "is a claim-processing rule and not a jurisdictional provision." *Matter of Morales-Morales,* 28 I & N. Dec. 724, 716 (B.I.A. 2023).  As a result, the BIA has the "'authority to accept what are otherwise untimely appeals' where the appealing party can establish equitable tolling." *Salmeron v. Baltasar, et al.,* 2026 WL 776111, at *3 (D. Colo. Mar. 19, 2026) (quoting *Morales-Morales,* 28 I & N Dec. at 716).

Landestoy Hernandez argues, however, that DHS is "categorically precluded from raising an equitable tolling argument" in this instance "as it failed to invoke the equitable tolling exception when it late-filed its appeal to the BIA."  (ECF No. 2 at ¶ 53.)  Perhaps he is correct.  But this "Court lacks jurisdiction to review the propriety of DHS's untimely appeal or evaluate its entitlement to equitable tolling." *Salmeron,* 2026 WL 776111, at *3 (citing 8 U.S.C. § 1252(a)(5), (b)(9)).  Rather, that question must be decided by the BIA in the first instance.  At this time, there is no evidence in the record that the BIA has ruled on either DHS's motion to accept its untimely appeal or Landestoy Hernandez's motion to dismiss the appeal as untimely.[2]

Accordingly, in light of the BIA's decision in *Morales-Morales,* and mindful of the limits on this Court's subject matter jurisdiction, the Court concludes that it must treat Landestoy Hernandez's removal proceedings as pending for purposes of § 1226(a), unless and until the BIA denies DHS's motion to accept its late appeal, and/or grants

---

[2] The Government's opposition to the Petition centers on its contention that "it is clear that the Board *has* accepted the appeal" "by issuing a Filing Receipt dated February 23, 2026."  (ECF No. 12 at 3 (emphasis added).)  The Court is wholly unconvinced that the Filing Receipt amounts to a substantive ruling on the timeliness of DHS's appeal, where it simply "acknowledges receipt" of DHS's filing.  (ECF No. 12-1 at 2.)

Landestoy Hernandez's motion to dismiss the appeal as untimely. *Salmeron,* 2026 WL 776111, at *3; *see also Negrete-Ramirez v. Noem, et al.,* 2026 WL 375961, at *3 (D.N.M. Feb. 10, 2026) (finding lack of subject-matter jurisdiction over challenge to "detention because the BIA accepted DHS's appeal of his removal cancellation as timely, which allowed removal proceedings to continue").

As the untimeliness of DHS's appeal is the sole basis for the relief sought by Landestoy Hernandez, the Petition at this stage of the proceedings must be denied. *Contra Salmeron,* 2026 WL 776111, at *4–5 (granting on alternative grounds). However, as set forth below, the Court will permit Landestoy Hernandez to file an amended petition for writ of habeas corpus should further developments in the BIA appeal warrant such possible further relief.

## IV.    CONCLUSION

For all these reasons, the Court ORDERS as follows:

1.    The Petition (ECF No. 2) is DENIED;

2.    This denial is, however, WITHOUT PREJUDICE to Landestoy Hernandez filing an Amended Petition for Writ of Habeas Corpus should the BIA deny DHS's motion to file a late appeal and/or grant Landestoy Hernandez's motion to dismiss the untimely appeal;

3.    By no later than **April 3, 2026,** the parties shall file a Joint Status Report updating the Court on the status of DHS's appeal to the BIA; and

4.    Respondents shall continue to be ENJOINED from removing or transferring, or causing to remove or transfer, Landestoy Hernandez from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates

this Order.

Dated this 24th day of March, 2026.

BY THE COURT:

William J. Martinez
Senior United States District Judge