**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 26-cv-1005-WJM

AMALIO ARIEL LANDESTOY HERNANDEZ,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden
of the Denver Contract Detention Facility, *et al.*,

     Respondents.

---

## ORDER GRANTING SECOND AMENDED
## PETITION FOR WRIT OF HABEAS CORPUS

---

Before the Court is Petitioner Amalio Ariel Landestoy Hernandez's Second

Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (the

"Second Amended Petition"). (ECF No. 38.) Respondents Juan Baltazar, in his official

capacity as Warden of the Denver Contract Detention Facility ("DCDF"); George Valdez,

in his official capacity as Denver Field Office Director for U.S. Immigration and Customs

Enforcement ("ICE"); David J. Venturella, in his official capacity as Acting Director of

ICE; Markwayne Mullin, in his official capacity as Secretary of the U.S. Department of

Homeland Security ("DHS"); and Todd Blanche, in his official capacity as Acting

Attorney General of the United States (collectively, "Respondents" or "the Government")

filed a cursory response. (ECF No. 40.) Landestoy Hernandez filed a reply. (ECF No.

41.)

For the following reasons, the Second Amended Petition is granted.

## I.    BACKGROUND[1]

This case presents an all-too-familiar fact pattern.  Landestoy Hernandez, a Cuban refugee, first entered the United States in March 2024.  (ECF No. 38 at ¶¶ 1, 18, 19.)  Upon his arrival, he was granted a two-year term of humanitarian parole, valid until March 4, 2026, to enable him to pursue adjustment of status under the Cuban Adjustment Act.  (*Id.* at ¶ 20.)  Around the same time, DHS commenced removal proceedings against Landestoy Hernandez by issuance of a Notice of Appear.  (*Id.* at ¶ 22.)

Landestoy Hernandez continued on parole until approximately November 2025, when Respondents abruptly re-detained him without providing a pre-deprivation hearing or otherwise complying with the procedures outlined in 8 C.F.R. § 212.5(e).  (*Id.* at ¶ 23.)  Roughly three months later, in January 2026, an Immigration Judge ("IJ") exercised her discretionary authority to terminate the removal proceedings against Landestoy Hernandez.  (*Id.* at ¶ 22.)  In her order, the IJ cited the fact that Petitioner has no criminal history and he is prima facie eligible for adjustment of status under the Cuban Adjustment Act.  (*Id.*)  DHS appealed the IJ's order to the Board of Immigration Appeals ("BIA").

Despite the IJ's order terminating removal proceedings against him, Landestoy Hernandez remained in detention pending DHS's appeal.  He previously sought habeas relief from this Court on the grounds that DHS's appeal was untimely filed, and the IJ's January 2026 order thus took final effect 30 days after its issuance.  (*See generally* ECF

---

[1] All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

No. 2.)  The Court denied Landestoy Hernandez's first petition without prejudice upon concluding it "lack[ed] jurisdiction to review the propriety of DHS's untimely appeal or evaluate its entitlement to equitable tolling."  (ECF No. 14 at 5 (quoting *Salmeron v. Baltasar,* 2026 WL 776111, at *3 (D. Colo. Mar. 19, 2026).)  *See also* 8 U.S.C. §§ 1252(a)(5), (b)(9).

In his Second Amended Petition, Landestoy Hernandez challenges the legality of Respondents' invocation of 8 U.S.C. § 1225(b) as authority for his continued detention and the revocation of his parole without notice or a pre-deprivation hearing.  At this point, Landestoy Hernadez has been detained at the DCDF for roughly eight months, separated from his wife, his United States citizen daughter, and his two United States citizen grandchildren.  (ECF No. 38 at ¶¶ 1, 22, 25.)  He has not once appeared before a neutral adjudicator to determine whether his detention is warranted.  (*Id.* at ¶¶ 1, 25.)

Landestoy Hernandez asks the Court to order his immediate release from custody or, in the alternative, to order Respondents to provide him with a bond hearing pursuant to § 1226(a) within seven days, at which Respondents bear the burden of justifying his continued detention by clear and convincing evidence.  (*Id.* at ¶ 47; *id.* at 16.)

## II.    LEGAL STANDARD

"Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).  More specifically, 28 U.S.C. § 2241 "confers jurisdiction upon the federal courts to hear [such cases."  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3) (authorizing any person to claim in federal court that they are being held "in custody in

violation of the Constitution or laws . . . of the United States")).  "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are an 'attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'"  *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

### III.    ANALYSIS

Landestoy Hernandez contends that his purported mandatory detention under § 1225(b) violates the Immigration and Nationality Act ("INA") (Count I) and his Fifth Amendment Due Process rights (Count II).  The Court agrees.

Landestoy Hernandez's due process claim, specifically, encompasses his contention that Respondents violated his due process rights by revoking his humanitarian parole without a pre-deprivation hearing.  (ECF No. 38 at ¶ 56.)  This is not the first time this Court has been faced with such a claim.  *See Andreu v. Baltazar, -*-- F. Supp. 3d ---, 2026 WL 1045187, at *2 (D. Colo. Apr. 17, 2026).  As the Court explained in *Andreu,* applicable implementing regulations set forth only two mechanisms by which a grant of parole of humanitarian parole under 8 U.S.C. § 1182(d)(5) may be terminated.  First, "[p]arole shall be automatically terminated without written notice (i) upon the departure from the United States of the alien, or, (ii) if not departed, at the expiration of the time for which parole was authorized . . . ."  8 C.F.R. § 212.5(e)(1).  Second,

> upon accomplishment of the purpose for which parole was
> authorized when in the opinion of one of the officials listed in
> . . . this section, neither humanitarian reasons nor public
> benefit warrants the continued presence of the alien in the

> United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole.  When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified.

*Id.* § 212.5(e)(2)(i).

Here, Landestoy Hernandez submits—and the Government does not contest—that he was initially paroled into the United States for a period of two years, until March 4, 2026.  (ECF No. 38 at ¶ 20.)  Accordingly, Landestoy Hernandez's parole had not yet automatically terminated by operation of § 212.5(e)(1) when he was re-detained in November 2025.  Nor is there any evidence in the record to suggest that Respondents terminated his grant of parole in accordance with the procedures set forth in § 212.5(e)(2)(i).  At a minimum, Respondents have waived any such argument by declining to submit a merits brief in opposition addressing the facts of this case.  (*See generally* ECF No. 40.)

The Court holds that Respondents' wholesale failure to observe any prescribed procedure for revoking Landestoy Hernandez's humanitarian parole before re-detaining him constitutes a clear violation of his procedural due process rights.  *Cf. Andreu,* 2026 WL 1045187, at *4; *Alcide v. de Anda-Ybarra,* 2026 WL 622663, at *4 (D.N.M. Mar. 5, 2026) (concluding similarly after analyzing the factors set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976)).  Moreover, the "improper revocation" of Landestoy Hernandez's humanitarian paroles makes him "ineligible for detention under 8 U.S.C. § 1225 or § 1226."  *Naveda v. Noem,* 2026 WL 196394, at *1 (W.D. Tex. Jan. 15, 2026); *see also Aldana v. Collins*, 822 F. Supp. 3d 747, 752 (W.D. Tex. 2026) (the "detention of a noncitizen who has a valid grant of humanitarian parole violates the INA and its

5

implementing regulations").

Respondents submit that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent[s], within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." (ECF No. 40 at 1–2.) "The Court does not see how ordering [a] bond hearing would remedy a wrong that has been ongoing since the outset of Petitioner's re-detention." *Singh v. Noem,* 2026 WL 766228, at *10 (D.N.M. Mar. 18, 2026). Rather, since Landestoy Hernandez's detention "is void *ab initio*, immediate release is the appropriate remedy to address this deprivation of liberty and restore him to the *status quo ante*." *Sosa v. De Anda-Ybarra,* 2026 WL 1453999, at *3 (D.N.M. May 22, 2026); *see also, e.g., Andreu,* 2026 WL 1045187, at *4 (ordering immediate release of petitioner whose grant of humanitarian parole was still valid when she was re-detained); *Alcide,* 2026 WL 622663, at *7, 8 (same*); Aldana,* 822 F. Supp. 3d at 749, 752 (same, even where petitioner's initial period of humanitarian parole expired while in detention).

Of course, the Court acknowledges that even immediate release cannot cure Landestoy Hernandez's roughly eight-month-long unlawful loss of liberty. Nevertheless, it is the "remedy that comes the closest to doing so." *Sosa,* 2026 WL 1453999, at *3.

### IV.    CONCLUSION

For all these reasons, the Court ORDERS as follows:

1.    The Court's Order to Show Cause (ECF No. 9) is MADE ABSOLUTE and Landestoy Hernandez's Second Amended Petition (ECF No. 38) is GRANTED;

2.    The Court GRANTS this relief to Landestoy Hernandez pursuant to Counts I and II of the Second Amended Petition;

3.        **By no later than this Thursday, July 23, 2026,** Respondents shall IMMEDIATELY RELEASE Landestoy Hernandez on his own recognizance, along with all his personal belongings, and may not impose any conditions of release or supervision that were not imposed in the original grant of humanitarian parole.  **No additional conditions of release shall be imposed on Landestoy Hernandez by Respondents**.  Respondents shall further facilitate Landestoy Hernandez's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address,

4.        Respondents are ENJOINED from re-arresting or re-detaining Landestoy Hernandez unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified.  At any such bond hearing, Respondents shall bear the burden of proof, and Landestoy Hernandez shall be allowed to have counsel present.  This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

5.        Respondents shall continue to be ENJOINED from removing, transferring, or causing the removal or transfer of, Landestoy Hernandez from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

6.        Should Landestoy Hernandez believe he has a good faith basis to seek attorney's fees pursuant to the Equal Access to Justice Act, he is GRANTED leave to file a motion seeking the same, along with all supporting documentation, by no later than **August 18, 2026**.  Respondents shall file a response by no later than **September**

**8, 2026**, and Landestoy Hernandez shall file a reply by no later than **September 22, 2026**; and

7.      Judgment shall enter in Landestoy Hernandez's favor and against Respondents on **August 4, 2026,** UNLESS prior thereto the Court is informed that Respondents have failed to fully and timely comply with the terms of this Order.

Dated this 21st day of July, 2026.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

8